UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD SQUIRES,

        Petitioner,                                        Case Number 1:25-cv-10220

                                                          Honorable Thomas L. Ludington
v.                                                      United States District Judge

GARY MINIARD,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

On January 1, 2025, Petitioner Todd Squires filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. He was convicted following a bench trial in the Wayne County Circuit Court of the felony offense of operating a motor vehicle while intoxicated (third offense), MICH. COMP. LAWS § 257.625(1),[1] and subsequently incarcerated at the Central Michigan

---

[1] Petitioner was also convicted of two misdemeanor offenses, operating a motor vehicle without a valid license and failure to stop after a collision. He does not appear to be challenging these convictions in his Petition. *See generally*, ECF No. 1. In any event, Petitioner would not be able to challenge these two convictions because he is no longer in custody for these convictions, in that he was sentenced to 27 days in jail with credit for time already served. *See* ECF No. 6-10 at PageID.294. The language of §§ 2241(c)(3) and 2254(a) requires that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492–93. Whether a federal habeas petitioner is in custody, as required for a federal court's statutory habeas jurisdiction to review state convictions, is gauged for each offense independently; thus, a petitioner convicted of multiple offenses can be in custody for one but not for another. *See Orie v. Sec'y Pennsylvania Dep't of Corr.*, 940 F.3d 845, 850 (3d Cir. 2019).

Correctional Facility in St. Louis, Michigan. Petitioner contends that there was insufficient evidence to support his conviction. But this claim lacks merit, so the Petition will be dismissed.

I.

The following facts from the Michigan Court of Appeals are presumed correct on habeas review, *see Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of a motor vehicle accident near the intersection of Tyler Road and Morton Taylor Road in Van Buren Township. Kenneth Mixon and Brenda Mixon testified that when driving in the left-turn lane on Tyler Road and preparing to turn on Haggerty Road, a dark truck collided with the front passenger side of their vehicle where Brenda sat. The truck did not stop after hitting the Mixon's vehicle but drove away.
>
> Kenneth followed the vehicle and Brenda called police. After Brenda reported the truck's license plate number to police, Kenneth pulled into a parking lot. At that point, they temporarily lost sight of the truck. Kenneth and Brenda then observed the truck pull into the back of a car wash across the street. They did not see anyone leave or enter the car wash parking lot until police arrived a short time later. Brenda acknowledged not watching the truck closely the entire time before police arrived, and Kenneth stated that the truck, once it pulled to the back of the car wash, was out of his view. Brenda said it was too dark to tell if there were ever any individuals in the truck besides the driver.
>
> Officer Daniel Svabik responded to the scene and observed a black Ford F150 truck in one of the car wash parking spots, with Squires standing next to the truck's passenger side. The truck's license plate number matched that reported by Kenneth and Brenda. Svabik noticed fresh damage to the front driver's side of the truck. He did not see anyone else near the vehicle, nor leaving the car wash. Svabik spoke to Squires, who appeared intoxicated. Svabik checked on the status of Squires's license, which was expired and "denied/revoked." Svabik's partner, Kurtis Mowbray, also responded to the scene, observed the damage to both vehicles, and opined at trial that they were involved in a side-swipe collision.
>
> Squires testified that he was not operating a motor vehicle at any point on the night in question, though he admitted to being intoxicated and having an invalid license. Squires claimed that his friend, Shawn Knox, drove him in the truck that night. Squires did not remember any collision. Squires testified that Knox drove into the car wash parking lot and then, for a reason unknown to Squires, left the keys of the truck and fled on foot. After his arrest, Squires's blood alcohol content measured above the legal limit at 0.107 grams of alcohol per 100 milliliters of blood.

*People v. Squires*, No. 361755, 2023 WL 8661522, at *1 (Mich. Ct. App. Dec. 14, 2023), appeal denied, 513 Mich. 1075, 5 N.W.3d 39 (2024). A state judge convicted Petitioner following a bench trial. *Id.*

Petitioner appealed, arguing that "the trial court convicted him on insufficient evidence, and that the verdict was against the great weight of the evidence." *Id.* But his conviction was affirmed on appeal. *Id.* at *3.

Petitioner then filed this *pro se* habeas action alleging only that the Court of Appeals erred in holding that the evidence was sufficient to support the crime of operating a motor vehicle while intoxicated. *See* ECF No. 1 at PageID.18.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) constrains federal courts' review of state-court decisions in habeas cases. *See Smith v. Nagy*, 962 F.3d 192, 198 (6th Cir. 2020). Indeed, if a state court has already adjudicated a claim on the merits, a federal court may grant relief only if the state court's decision: (1) ran contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) rested on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have "independent meaning." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). A state-court decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court law; or (2) confronts a set of facts "materially indistinguishable" from a decision of the Supreme Court and yet arrives at a different result. *Id.* at 405–06. A state-court decision involves an "unreasonable application" of clearly established federal law if it (1) correctly

- 3 -

identifies the governing legal rule but unreasonably applies it to the facts of the instant case, or (2) either unreasonably extends an established legal principle to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Id.* at 407.

The Supreme Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. And later Supreme Court decisions have interpreted this directive to mean that an unreasonable application "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (citation modified). AEDPA "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). But the state court's error must be "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. At bottom, AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.* And for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**III.**

Petitioner contends that there was insufficient evidence to establish that he was operating a motor vehicle on the night in question, so his conviction cannot be supported. ECF No. 1 at PageID.18. Not so.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 334 (quoting *Woodby v. INS*, 385 U.S. 276, 282, 87 S.Ct. 483, 486, 17 L.Ed.2d 362 (emphasis in original)). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318–19 (internal citation and footnote omitted) (emphasis in the original). The *Jackson* standard applies to both bench and jury trials. *See, e.g.*, *U.S. v. Bronzino,* 598 F.3d 276, 278 (6th Cir. 2010); *see also Hayes v. Horton*, 596 F. Supp. 3d 978, 987 (E.D. Mich. 2022).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence.") Circumstantial evidence is sufficient to sustain a conviction at a bench trial. *See, e.g.*, *United States v. Baydoun*, 984 F.2d 175, 179 (6th Cir. 1993).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of

that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003); *see also United States v. Vance*, 956 F.3d 846, 853 (6th Cir. 2020) (in a bench trial, credibility of witnesses is a question for trial judge).

Petitioner was convicted of operating a motor vehicle while intoxicated ("OWI"). *See Squires*, No. 361755, 2023 WL 8661522, at *1. The relevant statute states:

> A person, whether licensed or not, shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated.

MICH. COMP. LAWS § 257.625(1).

Operating a vehicle while intoxicated under this statute "requires proof of three elements: (1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two." *People v Hyde*, 285 Mich. App. 428, 448; 775 N.W.2d 833 (Mich. Ct. App. 2009). Michigan's OWI statute prohibits a person from driving while intoxicated in a parking lot that is accessible to the public. *See People v. Hawkins*, 181 Mich. App. 393, 396; 448 N.W.2d 858 (Mich. Ct. App. 1989).

Petitioner contends that there was insufficient evidence to establish his identity as the operator of the Ford F-150 truck.

The Michigan Court of Appeals rejected the petitioner's claim as follows:

Here, Kenneth and Brenda testified that a dark truck struck their vehicle and fled to a car wash parking lot. Once arriving at the car wash, Officer Svabik observed Squires standing outside a dark truck, with no one else around. The truck's license plate number matched that given by Brenda after the collision. Svabik also testified that the truck had fresh damage consistent with the type of collision Kenneth and Brenda described. Officer Mowbray observed both vehicles and testified that they were involved in a side-swipe collision. Svabik testified that Squires admitted at the scene to driving the truck only from the front of the car wash parking lot to the back, but otherwise denied driving the truck or being involved in an accident. When testifying, however, Squires denied driving that night at all. Squires testified that his friend was driving him and, once at the back of the car wash, fled on foot for some unknown reason. But neither Kenneth nor Brenda ever saw anyone leaving the car wash once the truck parked there.

Deferring to the trial court's assessment of witness credibility, the testimony of the officers, Kenneth, and Brenda sufficed to support an inference that Squires drove the vehicle that collided with Kenneth and Brenda. Importantly, the trial court, hearing the testimony firsthand, did not believe Squires's version of events. The trial court expressly found that Squires "lied through his teeth" to police and at trial. "I find his version of what happened to be so utterly ridiculous. To say that it doesn't pass the giggle test is really to understate the ridiculousness of his defense." Once the court rejected Squires's version of events, his own admissions that he was intoxicated and had a suspended license, along with the evidence of him standing alone shortly after—and next to the truck involved in—the collision at issue, sufficed to prove beyond a reasonable doubt that Squires operated a motor vehicle while intoxicated, drove with an invalid license, and failed to stop after a collision.

*Squires*, No. 361755, 2023 WL 8661522, at *2–3.

Under Michigan law, "the identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 181 N.W.2d 655, 656 (Mich. Ct. App. 1970)). Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Under Michigan law, "the prosecution can present circumstantial evidence that a 'defendant drove the vehicle while intoxicated to the location where the police found him.'" *Rogalski v. Christiansen*, No. 20-CV-11332, 2022 WL 2071059, at *4 (E.D. Mich. June 8, 2022) (quoting *People of the City of Troy v. Haggarty*, No. 305646, 2012 WL 4465158, at *2 (Mich. Ct. App. Sept. 27, 2012)).

Here, the prosecutor presented sufficient evidence for a rational trier of fact to find that Petitioner operated the truck on the night in question.

Officer Svabik testified that Petitioner admitted at the scene to driving the truck from the front of the car wash parking lot to the back. ECF No. 6-8 at PageID.210. His admission to Officer Svabik that he drove the truck, albeit only in the parking lot, is sufficient in and of itself to support his conviction, as well as to establish his identity as the perpetrator. "[A]n admission by the accused identifying himself (or herself) as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F.2d 490, 494 (8th Cir. 1979); *see also Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000) (petitioner's identity as murderer supported in part by evidence that he confessed several times to murdering sister); *Sok v. Romanowski,* 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008) (evidence sufficient to establish petitioner's identity as armed robber where his admissions placed him at the location of the crime); *Hatchett v. Withrow*, 185 F. Supp. 2d 753, 759 (E.D. Mich. 2002)

(petitioner's identity as perpetrator of crime supported in part by his detailed confession to the crime).

Other circumstantial evidence further supported the conviction. Although Petitioner testified that his friend —who fled on foot—was the driver of the vehicle, neither of the Mixons saw anyone leaving the car wash after the truck parked at the back of the car wash. *Squires*, 2023 WL 8661522, at *2. Petitioner was the only one standing by the truck in the parking lot when the police arrived a short time later. *Id.* This supports a reasonable inference that Petitioner was the driver of the Ford F-150 pickup truck when he collided with the Mixons' vehicle.

Importantly, the judge, sitting as the trier of fact, found Petitioner's testimony to be so "utterly ridiculous" that it was as if he "lied through his teeth." *Id.* at *3. In reviewing a state court conviction on habeas review, a federal court that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos*, 565 U.S. at 7 (quoting *Jackson,* 443 U.S. at 326). "Moreover, when evidence in a bench trial 'consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses.'" *Hayes*, 596 F. Supp. 3d at 989 (quoting *Bryan v. Virgin Islands*, 150 F. Supp. 2d 821, 827 (D.V.I. 2001) (per curiam), *aff'd sub nom. Virgin Islands v. Bryan*, 29 F. App'x 65 (3d Cir. 2002)). The trial court judge chose to credit the other witnesses' testimony, including that of Officer Svabik, and chose to reject Petitioner's testimony that he did not drive the vehicle on the night in question. "This Court must defer to the trial court's credibility findings." *Id.*

Finally, to the extent that Petitioner argues that there was no physical evidence, such as DNA or fingerprints, to corroborate that he was the driver of the truck found in the car wash

parking lot, the Sixth Circuit has held that the "lack of physical evidence does not render the evidence presented insufficient; instead it goes to weight of the evidence, not its sufficiency." *Gipson v. Sheldon*, 659 F. App'x 871, 882 (6th Cir. 2016).

Courts reviewing sufficiency-of-the-evidence challenges must draw a difficult line between inference and speculation, and when a state court draws a reasonable one, a federal habeas court will defer to its judgment. *See White v. Steele*, 602 F.3d 707, 711 (6th Cir. 2009). The Michigan Court of Appeals found that the trial court judge could reasonably infer from all the evidence that Petitioner had operated the Ford F-150 on the night in question. *See generally, Squires*, No. 361755, 2023 WL 8661522. At a minimum, the Michigan Court of Appeals' conclusion that there was sufficient evidence to establish Petitioner's identity as the operator of the truck does not "fall below the threshold of bare rationality." *Tucker v. Nagy*, No. 24-1723, 2025 WL 1693798, at *2 (6th Cir. June 17, 2025). Petitioner is not entitled to relief on his claim.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

Here, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Thus, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**V.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

**This is a final order and closes this case.**

Dated: December 30, 2025                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge